United States District Court
Southern District of Texas

# ENTERED

November 05, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL WAYNE LOWMAN,       §
SPN #530357,                §
                            §
          Plaintiff,        §
                            §    CIVIL ACTION NO. H-25-3295
v.                          §
                            §
JUDGE LISA MICHALK, et al., §
                            §
          Defendants.       §

## MEMORANDUM OPINION AND ORDER

The plaintiff, Michael Wayne Lowman (SPN #530357), has filed a complaint against two state judges and two state district attorneys, alleging that they violated his rights in the course of a state criminal proceeding and a state domestic relations matter (See Complaint for a Civil Case ("Complaint"), Docket Entry No. 1.). Lowman represents himself and has paid the filing fee.

Because Lowman initiated this action while he was detained at the Montgomery County Jail,[1] the court is required to scrutinize the claims and dismiss the Complaint if it determines that the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C § 1915A(b); see also 42 U.S.C. § 1997e(c). After considering the pleadings,

_____

[1]See Complaint, Docket Entry No. 1, p. 14. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

As noted, at the time he filed the Complaint, Lowman was detained at the Montgomery County Jail.[2] Review of public records reveal that a "Divorce with Children" case titled In the Matter of the Marriage of Samantha Lowman and Michael Lowman and In the Interest of Grayson Lowman, Case No. 23-07-10524, was filed on July 21, 2023, in the 410th Judicial District Court in Montgomery County before Judge Kelly Norsworthy.[3] An Agreed Judgment was entered on the docket on April 4, 2025.[4]

Further review of public records show that in July of 2024 Lowman was charged by information with stalking in Case No. 24-07-10974 in the 221st Judicial District Court in Montgomery County.[5] According to the docket in Case No. 24-07-10974, Lowman was convicted of stalking on May 1, 2025, and was sentenced to 56

---

[2]See id.

[3]The court records for this proceeding may be accessed on the public website District Clerk Court Records Inquiry for Montgomery County, available at https://odyssey.mctx.org/Unsecured/CaseDetail.aspx?CaseID=2627233 (last visited Nov. 3, 2025).

[4]See id.

[5]Again, the court records for this proceeding may be accessed on the public website District Clerk Court Records Inquiry for Montgomery County, available at https://odyssey.mctx.org/Unsecured/CaseDetail.aspx?CaseID=2627233 (last visited Nov. 3, 2025).

months in the Texas Department of Criminal Justice – Correctional Institutions Division.[6]  Judge Lisa Michalk presided over the case.[7]

In the Complaint Lowman sues Judge Norsworthy, Judge Michalk, and Mary Garcia and Ryan Fuller, two assistant district attorneys who prosecuted the State's Case No. 24-07-10974.[8]  Lowman alleges that the defendants have violated his rights under the United States Constitution and the Texas Constitution.[9]

In particular, he alleges that during the course of the domestic relations proceeding in Case No. 23-07-10524, Judge Norsworthy limited parental access without proper notice, made a finding of family violence, and held Lowman in contempt of court.[10]

Lowman further alleges that during the course of the criminal proceeding in Case No. 24-07-10974, Judge Michalk used Lowman's recorded jail phone calls as a basis to deny bail, used denial of bail as a punishment, deemed Lowman a danger to the community, refused "to make the return" on three habeas corpus motions, allowed a jail house phone call to be played at trial, and allowed the trial to proceed despite Lowman testifying that he had been "deprived [of] all his evidence and unable to produce it[.]"[11]

---

[6]Id.

[7]Id.

[8]See Complaint, Docket Entry No. 1, p. 2.

[9]Id. at 6-7.

[10]Id. at 11.

[11]Id. at 8-9.

-3-

Lowman alleges that Assistant District Attorneys Garcia and Fuller seized his phone at a protective order hearing, which prevented him from introducing evidence at the hearing; played jail house phone calls, which prevented him from being granted bail; and intentionally withheld Lowman's phone from Lowman's attorney.[12]

Lowman seeks \$7.5 million in damages.[13]

## II.  **Standard of Review**

Federal district courts are required by the Prison Litigation Reform Act ("PLRA") to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

---

[12]Id. at 10.

[13]Id. at 12.

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302,

-5-

307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937,

1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Because the plaintiff represents himself, his pro se pleadings

are held to "less stringent standards than formal pleadings drafted

by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per

curiam). Even under this lenient standard a plaintiff must allege

sufficient facts which, when taken as true, state a claim for

relief that is plausible on its face. Legate v. Livingston, 822

F.3d 207, 210 (5th Cir. 2016). A district court may summarily

dismiss a pro se litigant's lawsuit "before service of process or

before the filing of the answer" if it is satisfied that the

plaintiff has pleaded his "best case." Brewster v. Dretke, 587

F.3d 764, 767-68 (5th Cir. 2009) (citation omitted).

## III. **Discussion**

"Section 1983 provides a federal cause of action for the

deprivation, under color of law, of a citizen's 'rights,

privileges, or immunities secured by the Constitution and laws' of

the United States . . . ." Livadas v. Bradshaw, 114 S. Ct. 2068,

2083 (1994) (quoting Maine v. Thiboutot, 100 S. Ct. 2502, 2504

(1980)). "Section 1983 'is not itself a source of substantive

rights,' but merely provides 'a method for vindicating federal

rights elsewhere conferred.'" Albright v. Oliver, 114 S. Ct. 807,

811 (1994) (quoting Baker v. McCollan, 99 S. Ct. 2689, 2694 n.3

(1979)). To state a claim under 42 U.S.C. § 1983 a plaintiff must allege facts showing that (1) he has been deprived of a right secured by the Constitution or federal law, and (2) the violation was committed by someone acting under color of state law. See Flagg Brothers, Inc. v. Brooks, 98 S. Ct. 1729, 1733 (1978); Atteberry v. Nocona General Hospital, 430 F.3d 245, 252-53 (5th Cir. 2005).

## A.   Federal Claims Against Judge Norsworthy and Judge Michalk

Lowman alleges that Judge Norsworthy violated his rights under the United States Constitution in connection with the domestic relations proceeding in Case No. 23-07-10524, including limiting parental access without proper notice, making a finding of family violence, and holding Lowman in contempt of court.[14]   Lowman claims that Judge Michalk violated his rights under the United States Constitution in connection with his state court criminal proceeding, including issues concerning bail and evidence submitted at trial.[15]   The claims against both Judge Norsworthy and Judge Michalk must be dismissed, however, because "[j]udges enjoy absolute immunity for judicial acts performed in judicial proceedings." Phan v. Hanen, No. 23-20598, 2024 WL 3593902, at *1 (5th Cir. July 31, 2024) (per curiam); see also Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). "'A judge will not be deprived of immunity because the action he took was in error, was done

[14]Complaint, Docket Entry No. 1, p. 11.

[15]Id, at 8-9.

-7-

maliciously, or was in excess of his authority . . . .'" <u>Mays v.</u> <u>Sudderth</u>, 97 F.3d 107, 111 (5th Cir. 1996) (quoting <u>Stump v.</u> <u>Sparkman</u>, 98 S. Ct. 1099, 1105 (1978)). The doctrine of absolute judicial immunity protects judges from suit, not just from liability for damages. See <u>Mireles v. Waco</u>, 112 S. Ct. 286, 288 (1991). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. See <u>id.</u>

Nothing in the pleadings indicates that any of Judge Norsworthy's interactions with the plaintiff were not in her judicial capacity or that there was an absence of jurisdiction. Likewise, nothing in the pleadings indicates that any of Judge Michalk's interactions with the plaintiff were not in her judicial capacity or that there was an absence of jurisdiction. Judge Michalk and Judge Norsworthy are entitled to immunity and the claims against them must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous. See <u>Krueger v. Reimer</u>, 66 F.3d 75, 77 (5th Cir. 1995) (affirming dismissal of § 1983 claims as frivolous when the claims were barred by judicial immunity).

## B.    **Federal Claims Against the Assistant District Attorneys**

Lowman has sued Assistant District Attorneys Garcia and Fuller for their involvement in the state's criminal prosecution against him.    Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in

-8-

initiating a prosecution and presenting the state's case.  See
Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976) (observing that
judges and grand jurors acting within the scope of their duties are
entitled to immunity and holding that prosecutors are also
absolutely immune from a civil suit for damages for initiating a
prosecution and in presenting the state's case); see also Loupe v.
O'Bannon, 824 F.3d 534, 538 (5th Cir. 2016) ("A prosecutor enjoys
absolute immunity when her actions are 'intimately associated with
the judicial phase of the criminal process.'") (quoting Imbler, 96
S. Ct. at 995).  Because prosecuting a criminal case is within the
scope of a prosecutor's duties, the claims against Assistant
District Attorneys Garcia and Fuller will be dismissed pursuant to
28 U.S.C. § 1915A(b)(1) as frivolous.  See McPherson v. Curry, 253
F.3d 706, 2001 WL 498681 (5th Cir. 2001) (per curiam) (explaining
that the plaintiff's claims were frivolous because the defendant
district attorney was entitled to absolute prosecutorial immunity
from claims under § 1983).

## C.   Remaining State Law Claims

Lowman alleges that the defendants have also violated his
rights under the Texas Constitution.[16]

Where a court dismisses a party's federal claims, the "general
rule" is to dismiss any state law claims without prejudice so that
the plaintiff may re-file his claims in the appropriate state
court.   See Wong v. Stripling, 881 F.2d 200, 203-04 (5th Cir.

---

[16]Id. at 7.

1989); see also 28 U.S.C. § 1367(c)(3) ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Welch v. Thompson, 20 F.3d 636, 644 (5th Cir. 1994) (upholding the dismissal of an inmate's state law claims following the dismissal of his federal claims).  The decision to entertain or dismiss a party's state law claims is within the district court's discretion.  See Wong, 881 F.2d at 204. Because the Complaint plainly fails to state a federal claim for the reasons set forth above, the court elects to follow the general rule and will dismiss Lowman's state law claims without prejudice.

### IV.  Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1.    The federal claims contained in the Complaint for a Civil Case filed by Michael Wayne Lowman (Docket Entry No. 1) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

2.    Any state law claims contained in the Complaint for a Civil Case filed by Michael Wayne Lowman (Docket Entry No. 1) are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.

**SIGNED** at Houston, Texas, on this 5th day of November, 2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-10-